UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**FLOR CHACH, ELSY HERNANDEZ**      )
**DIGNA MENDOZA, PEDRO PACHECHO,**  )
**CARLOS SIMAJ MORENTE, and**       )
**GILBERTO VIEIRA, on behalf of themselves** )
**and all others similarly situated,** )
                                    )
         **Plaintiffs,**           )
                                    )
   v.                          )   C.A. No. 07-0010915-RGS
                                    )
                                    )
**MICHAEL BIANCO, INC., FRONT LINE** )
**DEFENSE, INC., FRANCESCO INSOLIA,** )
**GLORIA MELO, SUZANNE THOMPSON and** )
**MARGUERITE INSOLIA,**             )
                                    )
         **Defendants.**           )
_____ )

**DEFENDANTS MICHAEL BIANCO, INC., FRONT LINE DEFENSE, INC., FRANCESCO INSOLIA, SUZANNE THOMPSON AND MARGUERITE INSOLIA'S JOINT MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS**

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Michael Bianco, Inc. ("MBI"), Front Line Defense, Inc. ("FLD"), Francesco Insolia, Suzanne Thompson, and Marguerite Insolia (collectively "Defendants") respectfully submit this Joint Memorandum of Law in support of their Motion to Dismiss.[1]  As will be demonstrated below, Plaintiffs fail to state a claim upon which relief can be granted against Defendants in **Count I** (Fair Labor Standards Act, 29 U.S.C. § 206) (hereinafter "FLSA"); **Count Three** (M.G.L. c. 149); **Count**

---

[1] Defendant Marguerite Insolia addresses, in a separate and individual Memorandum, additional grounds for dismissal, as to her, of all six counts of the Complaint.

**Four** (Breach of Contract); **Count Five** (Quasi Contract); and **Count Six** (Unjust enrichment) of the Complaint. Therefore, Plaintiffs' claims under those counts should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. FACTUAL BACKGROUND

Defendants are manufacturers of "military equipage, including Aircrew Integrated Recovery Survival, Armor Vest and Equipment (AIRSAVE), Combat Medic Vests, Combat Medic Resupply Bags, Aircrewman's Survival Vests, Modular Lightweight Load-Carrying Equipment Backpack Systems (MOLLE), which included Fighting Load Carriers, Molded Waistbelts, Buckles Sets, Radio Pouches, Molle Pack Frames, 40MM Pyrotechnic Pouches, Medical Sets, Medical Modular Pouches, Utility Belts, Holster/Leg Extenders and Hydrolink Conversion Kits, along with a variety of related accessories, such as pockets for knives, HEED, pistols and radios." (Complaint, at ¶ 23). Plaintiffs were all employed by Defendants[2] as at-will employees, and at all times each were paid at an hourly-rate of at or above the Massachusetts minimum wage.[3]

A typical workday at MBI begins at 7:30 a.m. and ends at 4:00 p.m., with two fifteen minute paid breaks, and one unpaid half-hour lunch break. MBI opens its facility at or before 7 a.m. for the convenience of its employees, however, employees are not permitted to begin work until the sounding of a bell at 7:30 a.m. Employees clock-in to work using time-clocks, of which there are four located throughout the facility; two at the front of the facility, and two in the

---

[2] As set forth in a separate and individual Motion to Dismiss and supporting Memorandum, Defendant Marguerite Insolia maintains that she is not an appropriate defendant in this case, as she does not have "employer status" within the meaning of the FLSA, and therefore she cannot be held personally liable under the FLSA. See Donovan v. Agnew, 712 F.2d 1509, 1514 (1st Cir. 1983).

[3] By statute the Massachusetts minimum wage is, and has been for the relevant period of time, higher than the federal minimum wage. See M.G.L. c. 151 sections 1 and 2.

middle of the facility.[4]

## III. ARGUMENT

### A. Legal Standard

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, in order to survive a motion to dismiss, the complaint must allege " a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 167 S. Ct. 1955, 1967 (2007). The threshold requirement of Rule 8(a)(2) is that the "plain statement" in the complaint "possesses enough heft to show that the pleader is entitled to relief." Twombly, 167 S. Ct. at 1966.

In Twombly, the Supreme Court abandoned the oft-cited language of Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1969. The Court noted that, if taken literally, the "no set of facts" language would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim." Id. at 1968. The Court further noted that this "famous observation has earned its retirement," and that "the phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Id. at 1969. Therefore, Plaintiffs' complaint must plead facts to state a claim such that the claim crosses over the line of conceivable to plausible, otherwise the Complaint must be dismissed. Id. at 1974.

### B. Plaintiffs Fail to State a Claim Against Defendants For Failure to Pay Regular or Minimum Wages

Plaintiffs allege that Defendants wrongfully deducted 15-30 minutes' pay when employees clocked in 1-3 minutes late, often due to long lines at the time-clocks. (Complaint, at

---

[4] The time-clocks work by way of the employee presenting his or her hand for individual ("palm reading") identification. It takes a matter of seconds for an employee to "clock-in" or "clock-out."

¶¶ 3-4, 17-22, 35). Plaintiffs claim this resulted in them getting paid less than minimum wage per hour for their work. (Id.). However, Plaintiffs claims must fail because Defendants paid employees by rounding employee time from the time-clocks to the nearest quarter of an hour, as is permitted under the FLSA, pursuant to 29 C.F.R. § 785.48, and Plaintiffs have failed to allege otherwise. As such, Plaintiffs' claims under Counts One and Three for failure to pay regular wages should be dismissed.

Plaintiffs claim that they were impermissibly deducted minutes of pay when they clocked in late or clocked out early. (Compl., at ¶¶ 3-4, 17-22, 35). Under Section 785.48(b) of the Code of Federal Regulations, the policy of editing and rounding of employees' time to the nearest quarter of an hour is permissible. See 29 C.F.R. § 785.48(b). According to the regulation, this practice is acceptable, "provided that it is used in such a manner that will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." See id. In accordance with Section 785.48(b), Defendants compensate employees by rounding their time to the nearest quarter of an hour. As such, while Defendants' rounding system may not credit employees for all the time actually worked, it *also* credits employees for time *not actually worked*. See East v. Bullock's Inc., 34 F. Supp. 2d 1176, 1184 (D. Ariz. 1998) (no FLSA violation where employer's rounding practice failed to compensate employee for some time worked, but also compensated employee for time *not* worked). As such, Defendants' rounding practice averages out sufficiently to comport with the requirements of Section 785.48(b). See East, 34 F. Supp. 2d at 1184 (holding defendant company's rounding practice averaged out to sufficiently comply with § 785.48(b)).[5]

---

[5] While Plaintiffs make these allegations under both federal and state law, Defendants have not found any Massachusetts cases that disapprove of the federal rounding regulations or that suggest that these regulations are inconsistent with Massachusetts law. As such, it is reasonable for this court to construe the requirements of the Massachusetts Wage Law consistent with the FLSA and its regulations. See East v. Bullock's Inc., 34 F. Supp. 2d

Plaintiffs further claim that it was unlawful to deduct their pay since they were often late to work due to long lines at the time-clocks. (Compl., at ¶¶ 3-4, 17-22, 35). Such claims must be rejected. As stated above, Defendants opened the doors to the facility at least a half an hour prior to the start of the shift, and often even earlier, and provided four time-clocks throughout the facility for the convenience of the employees.

Moreover, under the FLSA, employers are only required to pay employees for time spent *engaged in work*. See 29 U.S.C. § 206. The Supreme Court has long recognized that "work" is "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944). Plaintiffs allege that they were not fairly compensated because Defendants failed to compensate them for time spent waiting in line to clock-in. (Compl., at ¶¶ 3-4, 17-22, 35). However, an employer is not responsible for compensating employees for "activities which are preliminary or postliminary to [the] principal activity or activities" of the job. See 29 U.S.C. § 254(a)(2). The Federal Regulations have defined non-compensable preliminary and postliminary activities to include "checking in and out and waiting in line to do so." 29 C.F.R. § 790.8(g). Therefore, any time spent by employees waiting in line to clock-in or out of work is non-compensable under the FLSA, and as such Plaintiffs claims that their pay was improperly deducted for such time must be rejected. See id.

Based on the foregoing, Plaintiffs have failed to state a claim for non-payment of regular, or minimum, wages, and as such that portion of Count One (29 U.S.C. § 206), and Count Three in its entirety, should be dismissed.

---

1176, 1184 (D. Ariz. 1998) (construing Arizona wage law consistently with FLSA where no Arizona case law found disapproving or inconsistent with the FLSA rounding regulations).

## C. Plaintiffs Fail to State a Claim Against Defendants for Breach of Contract

Plaintiffs allege Defendants are in breach of contract with them for failure to pay agreed upon wages. (Compl., at ¶¶ 63, 95-98). As a threshold matter, Plaintiffs are all at-will employees, as such they do not have employment contracts with Defendants, and thus Count Four of the Complaint for breach of contract should be dismissed.

In order to sustain a claim for breach of contract, Plaintiffs must allege and prove the following elements by a preponderance of the evidence: (1) that a contract existed between Plaintiffs and Defendants; (2) that Defendants breached the contract; and (3) that Plaintiffs suffered injury as a result of that breach. See Michelson v. Digital Financial Servs., 167 F.3d 715, 720 (1st Cir. 1999). Plaintiffs claim for breach of contract is "missing an essential element, namely a contract between the [] parties," as such, this claim must fail as a matter of law. Grafton Partners, LLC v. Barry & Foley Motor Transportation, Inc., et al., 22 Mass. L. Reptr. 442, 2007 WL 1418529, *2 (Mass. Super. Ct. Apr. 9, 2007).

Plaintiffs further allege that they were intended beneficiaries to MBI's contract with the United States government. (Compl., at ¶ 51, 54, 56, 63).[6] Such allegations must be rejected. To enforce a contract as an intended beneficiary, "it must appear from the language and circumstances of the contract that the parties to the contract clearly and definitely intended the beneficiaries to benefit from the promised performance." Miller v. Mooney, 431 Mass. 57, 62 (2000) (internal citations omitted). Plaintiffs have failed to allege that the United States government and MBI *intended* to give Plaintiffs the benefit of the promised performance. See Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-367 (1997) (dismissing

---

[6] Defendants note that this claim should be rejected as Plaintiffs fail to assert this allegation in Count Four, however, because such allegations are raised in the factual background section of the Complaint, Defendants will address such claims as is necessary.

claim for breach of contract brought by third party where no definitive intent that obligations of contract were imposed for the benefit of the third party). The fact that MBI's contract with the United States government incorporates by reference the Walsh-Healey Public Contracts Act, does not make Plaintiffs intended beneficiaries of that contract. The Walsh-Healey Public Contracts Act requires contractors engaged in the manufacturing or furnishing of materials, supplies, articles, or equipment to the United States government to pay employees who produce, assemble, handle, or ship goods under contracts exceeding $10,000, the federal minimum wage for all hours worked. See 41 U.S.C. § 35. However, where a contract merely requires one party of that contract to comply with the law (in this case, the federal minimum wage law), that contract does not create an intended benefit upon a third party. Incorporating by reference the Walsh-Healey Public Contracts Act into the contract between MBI and the United States government confers no benefit unto Plaintiffs than that to which they are already entitled under the FLSA, and therefore, Plaintiffs are not intended beneficiaries under that contract.

Plaintiffs have failed to allege that they are intended beneficiaries. If anything Plaintiffs are merely *incidental* beneficiaries to MBI's contract with the United States government, and as such, they cannot recover for breach of contract. See Miller, 431 Mass. at 62 (incidental beneficiaries have no enforceable rights under the contract).

Moreover, even if the Court were to determine that a contract did exist between Plaintiffs and Defendants, which there did not, or that Plaintiffs were intended beneficiaries of the contract between MBI and the United States government, which they are not, Plaintiffs' claim for breach of contract still must fail. Even if an agreement existed between Plaintiffs and Defendants with regard to the wage they would be paid, Plaintiffs have failed to state a claim for breach of contract since Defendants compensated Plaintiffs at the hourly wage agreed upon when

hired, which at all times was at or above minimum wage. Similarly, even if Plaintiffs are found to be intended beneficiaries of the contract between MBI and the United States government, Plaintiffs have still failed to state a claim for breach of contract because Defendants at all times compensated Plaintiffs at or above minimum wage as set forth in the Walsh-Healey Public Contracts Act. Furthermore, as stated above, Defendants practice of rounding time was permissible, and did not result in Plaintiffs being paid less than minimum wage. Based on the foregoing, Plaintiffs claim for breach of contract under Count Four should be dismissed.

### D. Plaintiffs Fail to State a Claim Against Defendants for Quasi-Contract and/or Unjust Enrichment.

Plaintiffs' claim in that they did not receive "fair and reasonable value" or "just compensation for the services they rendered" must fail, as Defendants at all times compensated Plaintiffs at or above minimum wage, which by statutory definition is a "fair wage." (Compl., at ¶¶ 64-65, 99-104); M.G.L. c. 151, § 2 (defining minimum wage as a "fair wage"). Therefore, Counts Five and Six of Plaintiffs' Complaint should be dismissed.

Unjust enrichment is a form of quasi-contract, and to recover under either, Plaintiffs must prove: (1) that Defendants received a benefit; (2) at Plaintiffs' expense; and (3) under circumstances that would make it unjust for Defendant to retain the benefit without paying. See Kaufmann v. Alcatel USA Marketing, Inc., 65 Mass. App. Ct. 1115 (Mass. App. Ct. 2006). Plaintiffs have not alleged that Defendants failed to pay them for the benefit received, rather, Plaintiffs merely allege that their hourly wages, which by definition are fair wages, were improperly reduced. (Compl., at ¶¶ 64-65, 99-104); M.G.L. c. 151, § 2. This conclusory claim must be rejected, and these counts should be dismissed. See Twombly, 167 S. Ct. at 1968 (pleadings must contain more than wholly conclusory claims in order to survive a motion to dismiss).

Furthermore, as stated above, Defendants practice of rounding employee wages to the nearest quarter of an hour is permissible under the federal regulation. See East, 34 F. Supp. 2d at 1184; see also 29 C.F.R. § 785.48(b). Therefore, Plaintiffs have failed to state a claim under Counts Five and Six of the Complaint, and as such, those counts should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss **Count I** (Fair Labor Standards Act, 29 U.S.C. § 206) (hereinafter "FLSA"); **Count Three** (M.G.L. c. 149); **Count Four** (Breach of Contract); **Count Five** (Quasi Contract); and **Count Six** (Unjust enrichment) of Plaintiffs' Complaint.

> Defendants,
> MICHAEL BIANCO, INC., FRONT LINE DEFENSE, INC., FRANCESCO INSOLIA, SUZANNE THOMPSON, and MARGUERITE INSOLIA,
>
> By their attorneys,
>
> /s/ Alathea E. Brush
> Frank A. Libby (BBO No. 299100)
> Alathea E. Brush (BBO No. 661100)
> **KELLY, LIBBY & HOOPES, P.C.**
> 175 Federal Street
> Boston, MA 02110
> (617) 338-9300

Dated: July 23, 2007

## CERTIFICATE OF SERVICE

I, Alathea E. Brush, hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notification of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 23, 2007.

/s/ Alathea E. Brush
Alathea E. Brush