Case 1:07-cv-10915-RGS   Document 104   Filed 12/22/2008   Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************

| | |
|---|---|
| FLOR CHACH, ELSY HERNANDEZ, DIGNA MENDOZA, PEDRO PACHECO, CARLOS SIMAJ MORENTE, and GILBERTO VIEIRA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL BIANCO, INC., FRONT LINE DEFENSE, INC., FRANCESCO INSOLIA, GLORIA MELO, SUZANNE THOMPSON AND MARGUERITE INSOLIA, <br><br> Defendants. | Civil Action No.: 07-10915-RGS |

*******************************************

## SUPPLEMENTAL STIPULATION OF SETTLEMENT AND STIPULATION OF DISMISSAL

It is hereby stipulated, by and between counsel for the named and opt-in Plaintiffs ("Plaintiffs") and the putative Fed. R. Civ. P. 23 class and Defendants Michael Bianco, Inc., which has been renamed and is now known as Honors USA, Inc. ("MBI"), Front Line Defense, Inc., which has been renamed and is now known as Angelus, Inc. ("FLD"), Francesco Insolia, and Suzanne Thompson (collectively "Defendants"), that the above-captioned matter is settled and fully resolved and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), as set forth below:

I. Plaintiffs filed this collective and class action on May 15, 2007, against Defendants MBI, FLD, Francesco Insolia, Gloria Melo, Suzanne Thompson, and Marguerite Insolia pursuant to the procedural provisions of the Fair Labor Standards Act of 1938 ("FLSA"),

Case 1:07-cv-10915-RGS   Document 104   Filed 12/22/2008   Page 2 of 6

29 U.S. C. § 216(b), and Fed. R. Civ. P. 23. Plaintiffs brought claims on behalf of themselves and all others similarly situated for unpaid wages and overtime pay pursuant to FLSA, 29 U.S.C. § 201 et seq., and the Massachusetts Wage Act, M.G.L. c. 149 and 151, as well as for breach of contract, quasi-contract, and unjust enrichment.

2. In this Court's Order of February 6, 2008, the breach of contract, quasi-contract, and unjust enrichment claims were dismissed, as were all claims against Gloria Melo and Marguerite Insolia, leaving the FLSA and Massachusetts Wage Act claims against Defendants MBI, FLD, Francesco Insolia, and Suzanne Thompson. By Stipulation dated December 20, 2007, Plaintiffs voluntarily discontinued their claims under Section 206 of the FLSA. See Docket No. 61 at ¶ 5.

3. 278 individuals have filed consent forms with this Court to opt in to the case as party plaintiffs pursuant to FLSA, 29 U.S.C. § 216(b).

4. Simultaneous with Plaintiffs' pursuit of this action, the United States Department of Labor (DOL) had undertaken an investigation of MBI and FLD's compliance with FLSA. In its investigation, DOL had access to relevant documents and payroll records which neither party had at the time or currently has access to, because many of Defendants' payroll records were seized by the United States Immigration and Customs Enforcement (ICE) in an immigration raid on March 6, 2007. DOL was able to obtain access to these documents for purposes of determining FLSA violations and calculating damages.

5. On July 1, 2008, the parties reached agreement on settlement of this matter in connection with the anticipated filing and resolution of a separate, related action to be filed against Defendants by the United States Department of Labor ("DOL"). A copy of the Stipulation of Settlement that was executed between the parties on July 1, 2008 and

which was approved by DOL is attached hereto as Exhibit 1. That action was filed today in this Court by the United States Secretary of Labor against Defendants and captioned as: <u>Elaine L. Chao v. Angelus, Inc., Honors USA, Inc., Suzanne Thompson, and Francesco Insolia.</u> Also on this day, the parties to the <u>Chao v. Angelus</u> action entered into a Consent Judgment. The <u>Chao v. Angelus</u> Complaint and Consent Judgment are attached hereto as Exhibits 2 and 3 respectively.

6. The <u>Chao v. Angelus</u> Complaint sought the same relief Plaintiffs sought in this action for Defendants' alleged violations of Section 7 of the FLSA. See Ex. 2.

7. The Consent Judgment entered into in the <u>Chao v. Angelus</u> action provides for $613,000 in restitution payments to Plaintiffs and similarly situated employees of MBI and FLD for unpaid wages and overtime pay covering the time period from May 15, 2004, to March 6, 2007. See Ex. 3. The allocation of the restitution payments was determined by DOL in consultation with counsel for the parties. The amount of each individual's restitution payment is set forth in Exhibit A to the Consent Judgment. <u>See</u> Ex. 3 at Ex. A thereto.

8. The <u>Chao v. Angelus</u> restitution payments constitute compensation, as agreed to by the parties, for all claims brought by Plaintiffs on behalf of themselves, the FLSA collective members and the putative Fed. R. Civ. P. 23 class in the present case. <u>See</u> Ex. 1.

9. The parties agree that the restitution payments to be made in connection with the resolution reached in <u>Chao v. Angelus</u> are fair and reasonable.

10. The terms of the parties' settlement in the present case include the $613,000 in restitution payments pursuant to the <u>Chao v. Angelus</u> Consent Judgment, as well as additional payments by Defendants, for a total settlement amount of $850,000. Specifically, as set forth in the July 1, 2008, Stipulation of Settlement, the parties have agreed that in

3

addition to the $613,000 in restitution payments to Plaintiffs and members of the putative class, which will be administered and distributed by DOL pursuant to the Chao v. Angelus Consent Judgment, Defendants will also pay an additional $225,000 in costs and attorneys' fees to Plaintiffs' counsel, and a total of $12,000 in incentive payments to the six named Plaintiffs ($2,000 each) in exchange for the execution by the named Plaintiffs of a general release. The general release form to be signed by the named Plaintiffs is attached as Exhibit 4. These additional payments to Plaintiffs' counsel and the named Plaintiffs will be made within three days of the date of the restitution payments to DOL.

11. The Chao v. Angelus restitution amounts include only amounts calculated by DOL as being over $20.00. According to DOL, as a matter of DOL policy, DOL does not administer and distribute restitution payments of less than $20.00, as it considers such payments to be "de minimus."

12. To ensure that all opt-in party plaintiffs in the present FLSA collective action have received restitution in exchange for settlement of this case, Defendants have additionally agreed to make payments to the nine opt-in party plaintiffs whose restitution amounts, as calculated by DOL, were "de minimus" and who therefore are not included in the DOL administration and distribution of restitution payments. The names of these individuals and the amounts of their restitution payments are set forth in Exhibit 5 hereto. These additional payments to opt-in party plaintiffs will be made within three days of the date of the restitution payments to DOL, and will be delivered to Plaintiff's counsel.

13. In light of the foregoing facts and DOL's filing and resolution of Chao v. Angelus, the parties request that this Court approve this Supplemental Stipulation of Settlement and Stipulation of Dismissal and dismiss the above captioned action with prejudice as settled,

subject to reopening in the event that all restitution payments and sums due are not made in accordance with the <u>Chao v. Angelus</u> Consent Judgment, with the parties' Stipulation of Settlement, dated July 1, 2008, and with this Supplemental Stipulation of Settlement and Stipulation of Dismissal.

| PLAINTIFFS, | HONORS USA, INC. F/K/A MICHAEL BIANCO, INC., ANGELUS, INC. F/K/A FRONT LINE DEFENSE, INC., FRANCESCO INSOLIA, and SUZANNE THOMPSON, |
|---|---|
| By their attorneys, | By their attorneys, |

/s/ Audrey R. Richardson
Audrey R. Richardson (BBO#630782)
Ingrid Nava (BBO#658608)
GREATER BOSTON LEGAL SERVICES
197 Friend Street
Boston, MA 02114
617-603-1662
617-371-1222 (fax)
Arichardson@gbls.org
Inava@gbls.org

/s/ Diane M. Saunders
Diane M. Saunders (BBO#562872)
Daniel S. Field (BBO# 560096)
Jeffrey S. Siegel (BBO # 647148)
MORGAN BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666
617-367-3125 (fax)
dsaunders@morganbrown.com
dfield@morganbrown.com
jsiegel@morganbrown.com

Philip J. Gordon (BBO#630989)
GORDON LAW GROUP LLP
585 Boylston Street
Boston, MA 02116
617-536-1800
617-536-1802 (fax)
Pgordon@gordonllp.com

Phillip J. Kassel (BBO#555845)
SOUTH COASTAL COUNTIES LEGAL
SERVICES
231 Main Street Suite 201
Brockton, MA 02301
508-586-2110
508-587-3222 (fax)
Pkassel@sccls.org

Dated: **November 18, 2008**

Approved:

*/s/ Richard G. Stearns*

U.S.D.J., Richard Stearns

Date: 12-22-08.